Charles Leonard PARKER, Appellee

v.

The STATE of Texas.

No. PD–221–04.

Court of Criminal Appeals of Texas.

Jan. 18, 2006.

William F. Carter, Bryan, for Appellant.

Stuart A. Hughes, Asst. Criminal District Atty., Huntsville, Matthew Paul, State's Atty., Austin, for State.

MEYERS, J., delivered the opinion of the Court, in which PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

Appellee Charles Leonard Parker was charged with felony possession of marijuana found in a car he was driving which had been rented by his girlfriend. He filed a motion to suppress evidence based on violations of both the Fourth Amendment of the United States Constitution and Article I, Section 9 of the Texas Constitution. The trial court granted the motion, and the State appealed. The court of appeals reversed the trial court's ruling and held that when a rental car is at issue, only the rental car agency, the lessor, can give permission for another driver to drive the rental car. Since Appellee had no such permission, he had no expectation of privacy or standing to contest the search of the car. *State v. Parker*, No. 14–02–01355–CR, 2003 WL 22902392, 2003 Tex.App. LEXIS 10305 (Tex.App.-Houston [14th] December 9, 2003) (Not designated for publication). Appellee petitioned for discretionary review. We will reverse.

## I. Facts

Appellee's girlfriend, Cherice Washington, rented a car for transportation to and from work while her car was in the shop for repairs. Ms. Washington put only her name on the rental agreement as a driver. Later that same day, Ms. Washington gave Appellee permission to use the rental car for a day trip from Dallas to Houston and back. On his way back to Dallas from Houston, Appellee was pulled over by Officer Barry Gresham of the Central East Texas Narcotics Task Force for following another car at an unsafe distance. Officer Gresham testified that following another car at an unsafe distance is not only a violation of the Transportation Code, but is, in certain situations, also an indicator of drug trafficking. Because there were few other cars on the road, and thus no reason for Appellee to be driving so close to the other car, Officer Gresham felt that this was a situation in which the drivers of both cars were involved in drug trafficking. During the traffic stop, Officer Gresham learned that the vehicle was a rental car that had not been rented by Appellee and that Appellee's name was not anywhere on the rental agreement. Officer Gresham noted that Appellee was slightly nervous and that there were fast food wrappers in the car but no visible luggage, which he testified also indicated drug trafficking. Officer Gresham found it suspicious that the car was rented earlier that day in Dallas by someone other than Appellee and had been used to drive round trip between Dallas and Houston. He issued Appellee a warning for the traffic violation and asked to search the car, but Appellee refused to give consent. Due to the situation, Officer Gresham suspected narcotics trafficking and called for backup, which arrived while Officer Gresham's certified narcotics dog was conducting a canine sniff of the rental car. The dog alerted to the trunk of the vehicle, which gave the offi-cers probable cause to search the trunk. When they opened the trunk, they found approximately sixty-one pounds of marijuana. Appellee was then arrested for felony possession of marijuana.

During the hearing for the motion to suppress, Ms. Washington acknowledged that she had read the express statement on the rental agreement stating, "Additional Driver–None Permitted Without Enterprise's Approval ... No Other Driver Permitted." However, she testified that she intended for both she and Appellee to use the car in the same way they both normally used her car. Ms. Washington further testified that she realized that allowing Appellee to drive the car was a breach of the contract. Because Appellee was not an authorized driver, the State raised the issue of whether Appellee had standing to contest the search. Without any further testimony on the issue, the trial court simply stated, "On the case of standing, I would say he has standing. So that's my ruling on standing." After reviewing the parties' briefs on reasonable suspicion, the trial court issued an order granting the motion to suppress without listing findings of fact.

## COURT OF APPEALS

The State appealed the trial court's decision to grant Appellee's motion to suppress, arguing that Officer Gresham articulated sufficient facts to support a reasonable suspicion of narcotics trafficking and thus, the temporary detention while conducting a canine sniff of the car was authorized and reasonable. The court of appeals declined to review this issue stating that as the fact finder, the trial court was free to disbelieve the officer's testimony. Without findings of fact from the trial court, the court of appeals was unable to review the issue "without infringing upon the trial court's fact-find-

ing ability." *Parker,* No. 14–02–01355–CR, 2003 WL 22902392, at *1, 2003 Tex. App. LEXIS 10305 at *2–*3.

The State additionally argued that the trial court erred in finding that Appellee had standing to contest the search of the vehicle. The court of appeals agreed, holding that Appellee received permission to use the car from someone who was not authorized to give permission. Because the rental agreement specifically prohibited unapproved drivers, only the lessor, as the owner of the car, could give permission to drive. Thus, Ms. Washington, as the lessee, did not have the authority to give Appellee permission to drive the rental car. The court of appeals held that because he was not authorized by the owner to drive the car, Appellee had no reasonable expectation of privacy in the car and lacked standing to challenge the search.

## GROUNDS FOR REVIEW

Appellant argues that the court of appeals erred in holding that he had no reasonable expectation of privacy and thus no standing to contest the search of the car. He claims that there are circumstances in which an unauthorized driver should have a reasonable expectation of privacy, so the court should consider the nature of the relationship between the driver and the lessee, as well as the circumstances surrounding the driver's use of the car, rather than adopting a bright-line rule that unauthorized drivers do not have standing to contest a search.

■ We granted the following five grounds for review:

1. Did the court of appeals err when it found that the petitioner did not have a reasonable expectation of privacy in the rental car he was driving, and thus no standing to contest the search of said car, because he was not an authorized driver even though Ms. Washington—who had rented the car and was living with the petitioner—gave him permission to drive said car?

2. Are there circumstances where the driver of a rental car—who is the sole occupant—can have a reasonable expectation of privacy in said car even when the driver was not an authorized driver named in the rental agreement?

3. When concluding that petitioner had no reasonable expectation of privacy in the rental car he was driving, and thus no standing to contest the search of said car, did the court of appeals err when it failed to consider the nature of the relationship between petitioner and Ms. Washington, the woman who had rented the car and had given petitioner permission to drive?

4. Should there be a bright line rule in this state that the driver of a rental car does not have a reasonable expectation of privacy in the rental car, and thus no standing to contest a search of said car, if the driver is not an authorized driver named in the rental agreement?

5. In determining whether the driver of a rental car has a reasonable expectation of privacy in said car should the court consider all the circumstances surrounding the driver's use of said car even if the driver was not an authorized driver named in the rental agreement?

Whether a defendant has standing to contest a search and seizure is a question of law which we will review *de novo.*

## ANALYSIS

■ To challenge a search, the defendant must have a legally protected right to the expectation of privacy. In *Smith v. Maryland,* 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979), the Supreme Court gave us a two-prong method for determining whether a defendant has a reasonable

expectation of privacy that has been invaded by some action of the government. First, we ask whether the defendant had a subjective expectation of privacy in the place searched. If the answer is yes, then we ask whether the defendant's expectation of privacy is one that society recognizes as reasonable or justifiable under the circumstances. *Id.* at 740, 99 S.Ct. 2577 (citing *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)). Both *Smith* and *Katz* involve the government's use of information which was obtained through the defendant's use of a telephone.

In *Chapa v. State,* 729 S.W.2d 723 (Tex.Cr.App.1987), we discussed *Smith v. Maryland* in the context of whether a taxicab passenger's expectation of privacy is one that society would recognize as reasonable. Although the passenger had neither a property nor possessory interest in the car, by engaging the services of the taxicab, the passenger had the right under municipal codes to exclude others from riding in the cab. We considered these municipal codes to be a clear indication of society's recognition of the passenger's expectation of privacy as reasonable. The question in the case before us is whether someone driving a rental car with permission only from the person who rented the car has an expectation of privacy that society is prepared to recognize as reasonable.

The case law does not help us answer this question. There has been conflict among the courts of appeals regarding whether a driver of a rental car who is not listed in the rental agreement has a legitimate expectation of privacy in the vehicle and standing to contest a search. In *Nite v. State,* 882 S.W.2d 587 (Tex.App.Houston [1st Dist.] 1994, no pet.), the court of appeals held that because the rental agreement did not give the appellant permission to drive the car, he did not have a legitimate expectation of privacy in his use of

the car and did not have standing to contest the search of the car. Similarly, in *Rovnak v. State,* 990 S.W.2d 863 (Tex. App.-Texarkana 1999, pet. ref'd), the court of appeals held that the driver of a rental car who was not listed on the rental agreement did not have an expectation of privacy that society would recognize as reasonable. However, the same court later held in *Johnson v. State,* No. 06–98–00064–CR, 2000 WL 19356, 2000 Tex.App. LEXIS 320 (Tex.App.-Texarkana January 13, 2000, pet. ref'd) (Not designated for publication), that the driver of the car had a privacy interest in the vehicle and had standing to challenge the search even though he was not listed in the rental agreement. The court reasoned that *Johnson* could be distinguished from the previous cases because the rental agreement at issue in *Johnson* did not contain any language preventing the lessee from giving another person permission to drive the car.

The Fifth Circuit has also delivered conflicting opinions on this issue. In *United States v. Kye Soo Lee,* 898 F.2d 1034 (5th Cir.1990), the court held that because the driver and passenger had permission to operate the truck from the person who rented it, they had standing to contest the search. However, several months later, the court held in *United States v. Boruff,* 909 F.2d 111 (5th Cir.1990), that because the appellant's girlfriend had signed the rental agreement stating that only she would drive the car, she was the only legal operator of the vehicle under the express terms of the rental agreement and had no authority to give appellant permission to drive the car. Therefore, the appellant had no legitimate expectation of privacy in the car and no standing to contest the search. All of these cases, with the exception of *Lee,* focus on whether the rental contract specifies that only drivers listed on the agreement are authorized to drive

the vehicle. Rather than continuing to allow the terms of a contract to determine whether an individual may assert his constitutional rights, we instead return to a *Smith v. Maryland* analysis of whether the defendant's expectation of privacy is one that society recognizes as reasonable or justifiable under the circumstances.

We disagree with the court of appeals' use of a bright-line rule stating that only those listed on a rental agreement as authorized drivers have an expectation of privacy in the vehicle and standing to contest a search. Instead, the court should have considered the circumstances surrounding the use of the vehicle, as well as the nature of the relationship between the driver and the lessee, to determine whether the driver had a legitimate expectation of privacy that society would recognize as reasonable as outlined in *Smith v. Maryland.* The circumstances that should have been considered by the court of appeals include the facts adduced at the suppression hearing. Because the trial judge was in a better position to evaluate the credibility and demeanor of the witnesses, we view the evidence in the light most favorable to the trial court's decision to grant the motion to suppress. *State v. Ross,* 32 S.W.3d 853, 855 (Tex.Crim.App.2000).

If Ms. Washington had loaned Appellee her own car to drive to Houston, it would be clear that society would recognize Appellee's expectation of privacy in the use of his girlfriend's car with her permission. *See Wilson v. State,* 692 S.W.2d 661, 670 (Tex.Crim.App.1984). However, because Ms. Washington's car was being repaired that day, she rented a car for her personal use and loaned the rental car, rather than her own car, to Appellee. We fail to see how the fact that the car was a rental changes an individual's expectation of privacy in a car that he borrowed from his girlfriend. Appellee did not steal the car; he did not even use it without Ms. Wash-

ington's knowledge. *See Hughes v. State,* 897 S.W.2d 285, 303 (Tex.Crim.App.1994) (stating that a defendant lacks standing to contest the search of a stolen car). Rather, he had her express permission to drive the car that she had rented. There is nothing in the record that indicates that he knew about the terms of the car rental agreement or that he knew the agreement did not list him as an authorized driver. His use of the car may have resulted in a breach of the contract between Ms. Washington and the rental agency, but that does not automatically abolish Appellee's standing to contest a violation of his constitutional rights. While in this situation the car was a short term rental, consider a case where the car was leased, or was a company car, or was rented under a long-term agreement. In each of those situations, it seems reasonable that the lessee may allow friends and family to use the car, and the driver of the car, even if he was not the lessee, would likely have a legitimate expectation of privacy in the car. We conclude that, given the evidence in this particular case, society would recognize as reasonable Appellee's expectation of privacy in the use of his girlfriend's rental car with her permission even though he was not listed as an authorized driver on the rental agreement.

### CONCLUSION

The court of appeals erred in holding that because Appellee's name was not listed on the rental agreement, he had no reasonable expectation of privacy and no standing to contest the search. The decision of the court of appeals is reversed and the ruling of the trial court is affirmed.

WOMACK, J., concurred.

KELLER, P.J., dissented.