Affirmed and Memorandum Opinion filed August 1, 2006








Affirmed and Memorandum Opinion filed August 1, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00358-CR

____________

 

MICHAEL DEAN HUDSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 1002698

 



 

M E M O R A N D U M   O P I N I O N








Appellant Michael Dean Hudson was indicted for the felony
offense of robbery.  A jury found him guilty and sentenced him to forty-five
years= imprisonment in
the Institutional Division of the Texas Department of Criminal Justice. 
Appellant raises four issues: (1) a pre-trial identification procedure was
unfairly and unconstitutionally suggestive and illegal; (2) the trial court
reversibly erred when it denied his motion to suppress evidence; (3) the trial
court erred when it commented on fines to the venire panel during voir dire;
and (4) the State engaged in prosecutorial misconduct during voir dire by
stating to the venire panel that attempted robbery does not exist under Texas
law.  We affirm.

I.  Factual and Procedural Background

Appellant has not challenged the legal or factual
sufficiency of the evidence.  We therefore discuss the facts only briefly here
and throughout the opinion as necessary to address appellant=s issues.  

On May 13, 2004, Roxanne Camden was shopping at the H-E-B
grocery store located at the intersection of Westheimer and Fountainview in
Houston, Texas.  At approximately 4:27 p.m., Camden exited the H-E-B and put
her two young children in the middle seat of her Suburban.  She then proceeded
to load her groceries in the back end of her vehicle when a black male
approached her.  He put one hand on her right shoulder, where the strap of her
purse was located, and she felt something else in the small of her back.  She
turned to look at his face, which was approximately six inches away from her
face.  The robber said to her A[y]ou=re not even going
to think about screaming or I will kill you.@  The robber then
took Camden=s purse off of her shoulder, got into a red Pontiac
and drove away.  Camden was nine months pregnant at the time.

Scott Soland, a corporal with the Fort Bend Sheriff=s Department, was
on foot patrol on May 20, 2004, in Kendleton, Texas.  He observed appellant
driving a silver Mustang convertible.  Corporal Soland then responded to a
complaint from a volunteer firefighter regarding a threat appellant made. 
After talking to the volunteer firefighter, Corporal Soland located the silver
convertible parked in front of a home.  A check on the license plate revealed
that the car had just been used in a theft of gasoline at a nearby gas
station.  Appellant approached Corporal Soland and produced a Texas Department
of Corrections inmate card as identification, because his driver=s license had been
suspended.  Corporal Soland arrested appellant for theft and driving with a
suspended driver=s license.  








Corporal Soland also learned that the Mustang was a rental
vehicle owned by Budget Rent A Car.  Gwendolyn Nelson had rented the car and
both she and her common-law husband, Thomas Jackson, had permission to drive
the car.  It was scheduled to be returned on May 17, 2004.  However, Jackson
testified that he gave appellant permission to drive the car on May 18, 2004,
for the limited purpose of driving a friend to the hospital, and purchasing and
delivering food for that friend.  He was then to promptly return the vehicle. 
Yet, appellant never returned the vehicle.  Budget Rent A Car instructed law
enforcement to take possession of the vehicle and return it to the rental
agency.  

After taking possession of the vehicle, Corporal Soland
conducted an inventory of the Mustang.  He discovered, among other things,
Camden=s purse in the
trunk and her driver=s license under a floor mat.  After
arresting appellant, Corporal Soland searched appellant and found Camden=s social security
card in his back pocket.  

A grand jury indicted appellant for the felony offense of
robbery.  A jury convicted and sentenced him to forty-five years= imprisonment.  He
raises four issues on appeal related to the trial court=s and prosecutor=s comments to the
venire panel and to the trial court=s rulings on two
motions to suppress.  We address appellant=s issues in the
order presented by appellant.

II.  Analysis

A.      In-Court
Identification Issue Not Preserved

In his first issue, appellant contends the trial court
should not have allowed Camden, the complainant, to give an in-court
identification.  On appeal, appellant=s argument centers
on a pre-trial identification procedure that he claims was unconstitutional
because it was allegedly impermissibly suggestive.  However, because this
argument does not comport with appellant=s arguments at
trial, it is waived.








At trial, appellant filed a pre-trial motion to suppress. 
The trial court carried the motion with the trial, and the following occurred
during Camden=s testimony regarding appellant=s identification:

The Court:    I just want to get
this on the record so we=re all in the same boat on this, that
the defendant=s filed a motion - - the defense
filed a motion to suppress the identification and my understanding of that
motion is that defense=s objection to the identification
is that the complainant made an identification of two people, right?

[Appellant]:   Correct.

The Court:    Okay.  Defense asked
for a hearing outside the presence of the jury on that.  And this Court
determined to carry that motion with trial.  Based on that, the defense was not
objecting that the photo spread was - -

[State]:         Suggestive.

The Court:    - - suggestive - -
that that was a motion to suppress based on a suggestive photo spread, was
based on the fact that the witness basically identified two people, according
to what the defense believed the testimony to be.  This Court, because that was
weight versus admissibility issue, was carrying it with the trial because that=s really an issue for the jury to
decide. So that=s clear on the record.

You are now objecting to State=s Exhibit No.?

[State]:         9.

The Court:    Based on?

[Appellant]:   The
photo spread, this is not the original photo spread.  This is a copy.  This isn=t the best
evidence.  I mean, this is - - where is the original?








Appellant raised an objection to the identification below
both in a motion to suppress and with a trial objection.  However, those
objections do not comport with the issue raised on appeal.  Indeed, appellant
expressly represented to the trial court that he was not objecting on the basis
of suggestiveness.  As such, the issue is waived.  See Tex. R. App. P. 33.1(a) (requiring a
timely, specific request, objection, or motion that states the grounds for the
requested ruling such that the trial court is made aware of the complaint to
preserve error, unless the grounds were apparent from the context).  We
overrule appellant=s first issue.

B.      Appellant
Does Not Have Standing to Challenge Search of Vehicle

Appellant contends in his second issue that the warrantless
search of the silver Mustang convertible was a violation of the Fourth
Amendment to the United States Constitution.  Thus, he argues, the trial court
erred in denying his motion to suppress the evidence seized from that search. 
The State responds that appellant lacks standing to contest the search of the
vehicle.  We agree.

We review issues of standing to contest a search and
seizure de novo.  Parker v. State, 182 S.W.3d 923, 925 (Tex. Crim. App.
2006).  To challenge a search, a defendant must have a legally protected right
to the expectation of privacy.  Id.  We evaluate a claim for reasonable
expectations of privacy with a two-prong test.  First, we must determine if the
defendant had a subjective expectation of privacy in the place searched.  Id.
at 926.  If the answer is yes, then we must determine if that expectation of
privacy is one society recognizes as reasonable and justifiable under the
circumstances.  Id. (citing Smith v. Maryland, 442 U.S. 735, 740
(1979)).  








This issue concerns appellant=s standing to
contest the search of a rental vehicle.  Recently, the Court of Criminal
Appeals clarified that there is no bright-line rule concerning who does and
does not have standing to contest the search of a rental vehicle.  The Court of
Criminal Appeals overruled a line of cases utilizing a bright-line rule that
allowed only those listed on a rental agreement as authorized drivers to
contest a search.  Id. at 927.  Instead of utilizing a bright-line rule,
the Court of Criminal Appeals stated that the general two-prong test from Smith
v. Maryland applies and thus courts are to consider the circumstances
surrounding the use of the vehicle as well as the relationship between the
driver and lessee.  In that determination, appellate courts are to view the
evidence in the light most favorable to the trial court=s decision.  See
id. (citing State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000)).  

The trial court held a hearing on appellant=s motion to
suppress.  The hearing revealed that the Mustang was a rental vehicle with two
authorized drivers: Gwendolyn Nelson, the lessee, and Thomas Jackson, her
common-law husband whom she authorized to drive the car.  Both Jackson and
appellant testified that appellant had permission to drive the Mustang, though
the two disagreed as to the extent of that permission.  However, testimony was
consistent that when Jackson granted appellant permission to use the Mustang,
the rental agreement had expired for the vehicle and it was due back to Budget
Rent A Car.  

We hold that, under these circumstances, appellant did not
have standing to contest the search.  First, the rental agreement had expired
and thus the rental agency=s authorization had also expired for any
driver.[1] 
Second, the testimony supports a finding that appellant retained the Mustang
beyond the scope of Jackson=s permission.  Even if Jackson=s authorization to
drive the Mustang was acceptable absent a valid lease agreement, it was limited
and expired once appellant retained the vehicle beyond the scope of permissible
use.  Therefore, appellant did not have a legitimate expectation of privacy
that society would recognize as reasonable because he was not an authorized
driver at the time of the search either by the rental agency or the lessee.  We
overrule appellant=s second issue.

C.      Appellant
Has Waived Any Error Regarding the Trial Court=s Comments

Appellant argues in his third issue that the trial court
erred when it made the following statement during voir dire:








The Court:    Okay. 
Now, it=s also possible that
based on the evidence you hear in the punishment phase, you may have a
punishment range option of no less than 25 years nor more than 99 years or
life.  It can=t get any worse than that.  Fine goes away at that
point, okay?  Don=t ask me what the Legislature=s thinking.  I=m not sure why we
have fines anyway.

(Emphasis
added).  Appellant did not object to this statement, though he argues on appeal
that the statement constituted the trial court=s opinion of the
case before the punishment phase. 

As we recently noted in Gordon v. State, the state
of the law is unclear regarding whether an objection is necessary to preserve
error for a trial court=s comments during voir.  191 S.W.3d 721,
726 (citing cases).  In Blue v. State, a plurality of the Court of
Criminal Appeals held that certain comments from the trial court could
constitute fundamental error and thus not require an objection.  41 S.W.3d 129,
132B33 (Tex. Crim.
App. 2000).  However, a year later in Jasper v. State, a majority of the
Court of Criminal Appeals noted that Blue is not binding precedent, and
held that the trial court=s comments in that case did not bear on
the presumption of innocence or vitiate the jury=s partiality and
thus there was no error.  61 S.W.3d 413, 421 (Tex. Crim. App. 2001).  However,
the Jasper court avoided determining whether a defendant waives errorCfundamental or notCif he does not
object to trial court comments during voir dire.  In Gordon, we
ultimately determined that although there is no clear rule as to whether or not
an appellant may raise alleged error for the first time on appeal based on the
trial court=s comments during voir dire, courts tend to first
determine whether the error is fundamental and then, if it is, find that no
objection is required to preserve error.  191 S.W.3d at 726.  However, if the
error is not fundamental, then courts tend to determine there is no error
regardless of waiver.  Id.  Here, any alleged error was not fundamental.








To constitute fundamental error, the trial court=s comments must
bear on the presumption of innocence or vitiate the jury=s partiality.  See
Jasper, 61 S.W.3d at 421.  Below, the trial court merely stated that it did
not understand why the Legislature imposed fines.  Such a statement does not
indicate the trial court=s view of appellant, whether it believes
appellant is guilty, or in any way direct the jury to a particular verdict.[2] 
Although the trial court=s comments could inform a jury that fines
are not as useful a tool in sentencing as imprisonment, the issue became moot
when the jury found two enhancement paragraphs true.  At that point, there was
no fine to impose.  Therefore, we hold the error was not fundamental as it did
not bear upon appellant=s presumption of innocence or vitiate the
jury=s impartiality. 
We overrule appellant=s third issue.

D.      Appellant
Has Waived Any Error Regarding Prosecutorial Misconduct

In his final issue, appellant complains the State
improperly, and incorrectly, told the venire panel that Athere=s no - - no,
attempted robbery.  Because that=s all included in
robbery.@  However,
appellant did not object to this statement.  As such, it is waived.  See
Espinosa v. State, CS.W.3dC, 2006 WL 1459969,
at *2 (Tex. App.CHouston [14th Dist.] 2006, no pet.)
(stating that for a party to complain on appeal about a prosecutor=s improper
comments during voir dire, there must be an objection when the comments are
made) (citing Beltran v. State, 99 S.W.3d 807, 811 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d)).  Because appellant has not preserved
any alleged error regarding the State=s comments during
voir dire, we overrule appellant=s final issue.








III.  Conclusion

Having overruled each of appellant=s issues, we
affirm the judgment of the trial court.

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed August 1, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Jackson testified that Budget Rent A Car allowed him
to continue using the Mustang beyond the return date so long as the costs did
not exceed the amount of his credit card limit.  However, Budget Rent A Car
informed law enforcement that the Mustang was overdue and instructed law
enforcement to obtain and tow the vehicle to the rental agency.  Thus, viewing
the evidence in accordance with Ross, the rental agreement was no longer
valid and there was no longer any driver authorized to use the vehicle.





[2]  We also note that the trial court admonished the
venire panel during voir dire that whether it agreed with the Legislature or
not, a juror must follow the law.  The venire panel was also questioned about
whether or not it could consider all ranges of punishment and there is no
argument on appeal that the jury was improperly constituted, or was comprised
of people who could not consider all ranges of punishment.