COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

THE STATE OF TEXAS,

　　　　Appellant,

V.

CHARLENE MARIE DOMINGUEZ,

　　　　Appellee.

§
§
§
§
§
§
§
§

No. 08-07-00250-CR

Appeal from the

384th Impact Court

of El Paso County, Texas

(TC# 20030D03637)

## **O P I N I O N**

This is an appeal from an order granting Appellee Dominguez's motion to suppress the evidence. The State raises two issues for review. In Issue One, the State argues Appellee lacked standing to contest the legality of the search and seizure of property owned by a co-defendant. In Issue Two, the State contends that because it is not required to prove the elements of the offense during a suppression hearing, the trial court's ruling was in error to the extent it relied on a failure to establish Appellee's possession of illegal drugs. We reverse and remand.

Ms. Dominguez was indicted on August 5, 2003, for possession of marijuana, more than fifty pounds. She filed a motion to suppress on August 15, 2003 arguing that she was arrested unlawfully, and that the police conducted an illegal search of her vehicle. She requested suppression of her arrest, all evidence related to that arrest, and any testimony by law enforcement officers regarding any statements she made while in custody.

The El Paso County Sheriff's Department became interested in Ms. Dominguez after they

received a tip that a border patrol agent's K-9 alerted to a green Saturn sedan in a parking garage in downtown El Paso. The sheriff's department began surveillance on the vehicle based on the border patrol agent's tip.

According to evidence presented at the suppression hearing, the sheriff's officers witnessed Ms. Dominguez and her co-defendant approach the Saturn sedan in a black pick-up truck. Ms. Dominguez's partner entered the vehicle through the passenger door after failing to open the driver's side door twice. He drove the Saturn out of the parking lot and proceeded to his home at 2915 Mobile in El Paso. Ms. Dominguez followed the Saturn out of the parking garage in the black truck and took an alternative route to the house on Mobile.

Once they arrived at the Mobile residence, sheriff's detectives entered the property via the driveway, where both the green Saturn and the black truck were parked. When the officers approached the house, Ms. Dominguez and her co-defendant were at the back of the green Saturn. The officers obtained consent to search the property from Ms. Dominguez's co-defendant.

According to Ms. Dominguez's testimony, some part of the over two-hundred pounds of marijuana seized was found in her black pick-up. The Sheriff's detective who testified at the suppression hearing initially testified that there were no drugs recovered from the vehicle. The detective explained that the drugs were found near the garage entry in large bags. However, during cross-examination, the detective also testified as follows:

Q:     Where was the marijuana?

A:     The marijuana was outside of the co-defendant's house, at 2915 Mobile, and in the garage.

Q: Inside the garage?

A: There was some - - there was some marijuana inside the garage and some outside the garage.

Q: And it wasn't in the vehicle - - the black vehicle?

A: It was in the black truck.

Q: You're positive of that, Detective?

A: Yes, sir.

At the close of the suppression hearing on January 30, 2004, the trial court granted Ms. Dominguez's motion "as to any marijuana found in the truck." The trial court denied the motion regarding any other evidence. On June 8, 2007, a hearing was held to clarify the trial court's ruling. Following the clarification hearing, the trial court entered a written order granting the entire motion. The State timely filed its notice of appeal.

Issue One raises the preliminary matter of Ms. Dominguez's standing to challenge the search of her associate's property. The State does not challenge the court's ruling as to any drugs which may have been discovered in Ms. Dominguez's black pick-up truck. The issues presented are limited to the suppression of marijuana found on her, in her co-defendant's car, or elsewhere on his property. The State argues that Ms. Dominguez failed to establish she had standing to contest the search of her co-defendant's property or vehicle. Standing is an issue which this court reviews *de novo*. *Parker v. State*, 182 S.W.3d 923, 925 (Tex.Crim.App. 2006). A defendant has standing to contest a search only if she had a reasonable expectation of privacy in the area or item searched. *See Kothe v. State*, 152 S.W.3d 54, 59 (Tex.Crim.App. 2004). In addressing standing, it is critical to identify the precise police conduct being objected to, for this

fact may be determinative on the standing issue. *Id.* It is the defendant's burden to establish a legitimate expectation of privacy. *See Granados v. State*, 85 S.W.3d 217, 222-23 (Tex.Crim.App. 2002). The defendant satisfies this burden by establishing that she had a subjective expectation of privacy in a place where society is prepared to recognize as reasonable. *Id.* at 223. In analyzing a particular assertion of privacy, we examine the totality of the circumstances presented. *Id.*

The only evidence regarding Ms. Dominguez's expectation of privacy established that she owned the black truck, and that she did not own the sedan or the house. There is no evidence that she had a subjective expectation of privacy regarding her associate's house and car. Ms. Dominguez did not satisfy her burden regarding her expectation of privacy in those areas, and the trial court abused its discretion by granting her motion with respect to the drugs found in those areas. *See Parker*, 182 S.W.3d at 926. Issue One is sustained.

Having determined that Ms. Dominguez lacked standing to challenge the search of her associate's property, and because the State does not challenge the trial court's ruling suppressing drugs seized from her truck; we find no need to address the State's second issue in which the prosecution argues it was erroneously denied a jury determination as to Ms. Dominguez's possession of the drugs discovered outside her truck. Therefore, the trial court's ruling suppressing the evidence discovered outside Ms. Dominguez's black truck is reversed and the case is remanded for trial.

March 19, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

-4-

(Do Not Publish)