NO. 07-11-0054-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 16, 2011

————————————————————

THE STATE OF TEXAS,

Appellant

v.

ARTRAILE LEVILLE HILL,

Appellee

————————————————————

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 60,475-A; HONORABLE DAN L. SCHAAP, PRESIDING

————————————————————

***Memorandum Opinion***

————————————————————

Before QUINN, C.J., CAMPBELL, J. and BOYD, S.J.[1]

The State appeals from the trial court's order granting the motion to suppress of Artraile Leville Hill, who was charged with possession of marijuana in an amount of five pounds or less but more than four ounces. The State contends that appellee lacked standing to challenge the seized evidence and that there was probable cause to search appellee's vehicle. We affirm the order.

—————————————

[1]John T. Boyd, Senior Justice, sitting by assignment.

On March 24, 2010, police effected a traffic stop of appellee, and he was arrested and taken to jail. The vehicle he was driving was impounded. The next day, a woman named Janet or Jeanette Blair called police and gave information that her daughter dated appellee and that she believed appellee was selling drugs and that there were drugs in the vehicle in which he had been arrested. She also stated the vehicle had a hidden compartment behind the driver's side. A search was conducted of the vehicle that same day but no drugs were found. Another officer then called the telephone number left by Blair, and Blair described seeing appellee going to the trunk of his car on the driver's side on a number of occasions when Blair went to pick up her daughter from appellee's house. She also relayed a conversation she overheard her daughter have with appellee's mother. In a second search, officers found marijuana in a void behind the carpet in the vehicle's trunk. Appellee's Texas Offender Card was also found with the drugs. The vehicle was not actually registered to appellee but was registered to Katrina Hardy.

*Standing*

Initially, the State argues that appellee did not have standing to contest the search because he did not own the car. We disagree and overrule the issue.

The defendant has the burden to establish that he has standing once the State challenges it. *State v. Klima,* 934 S.W.2d 109, 110 (Tex. Crim. App. 1996); *State v. Allen,* 53 S.W.3d 731, 732 (Tex. App.–Houston [1st Dist.] 2001, no pet.). Moreover, although we defer to the trial court's factual findings, we review the issue of standing *de novo* because it is a question of law. *Kothe v. State,* 152 S.W.3d 54, 59 (Tex. Crim. App. 2004).

2

Next, a person has standing to challenge a search only when he has a legally protected right to the expectation of privacy. *Parker v. State,* 182 S.W.3d 923, 925 (Tex. Crim. App. 2006). With respect to a vehicle that a person does not own, he has standing if he has gained possession of the car from the owner with the owner's consent or from someone authorized to give permission to drive it. *Matthews v. State,* 165 S.W.3d 104, 112 (Tex. App.–Fort Worth 2005, no pet.); *Reyes v. State,* 910 S.W.2d 585, 589 (Tex. App.–Amarillo 1995, pet. ref'd) (finding the defendant had standing when his former girlfriend testified that the car was hers even though her mother bought it and paid the insurance and that it was not unusual for the defendant to use the vehicle without express permission).

Appellee did not present any evidence at the suppression hearing. The only evidence was presented by the State[2] and showed that appellee had been seen by the mother of appellee's girlfriend on numerous occasions in possession of the vehicle, he went to the trunk of his vehicle to conduct some sort of transaction there on multiple occasions, and his Texas Offender Card was hidden in it. Furthermore, both appellee and the informant relied upon by the police said the vehicle was appellee's, despite it being registered to a third party. According to one officer, appellee said that he alone utilized the vehicle. Moreover, personal items belonging to appellee were found in the trunk. So too did a police officer testify that appellee apparently believed in the safety

---

[2]The State contends that the trial court erroneously put the burden of proof on it to establish appellee's standing. However, the State agreed on the record that an initial separate hearing on standing was not necessary and that standing was part of the defendant's burden of proof in challenging the search. While the burden was still on appellee, the evidence presented by the State in support of its warrantless search constituted just enough evidence to show standing. If it had not, appellee would have had the burden to supplement the record with additional evidence.

and security of the hidden compartment. Furthermore, there was no evidence in the record that the vehicle had been stolen. The trial court also found that the evidence indicates appellee was "the sole occupant and driver of the vehicle in question, [and] was in peaceable possession of that vehicle at that time." This finding, incidentally, was supported by the record.

The State relies upon *Flores v. State,* 871 S.W.2d 714 (Tex. Crim. App. 1993) and *Green v. State,* 682 S.W.2d 271 (Tex. Crim. App. 1984) in support of its position that there is no standing. In the first case, the car was registered in the name of the defendant's mother. There was no other evidence of any kind showing an expectation of privacy. *Flores v. State,* 871 S.W.2d at 719-20. In the second case, the court found there was no standing to contest the search of a vehicle owned by defendant's brother when there was once again no evidence of any expectation of privacy. *Green v. State,* 682 S.W.2d at 293-94.

While the evidence on standing here is somewhat sparse, there is some evidence to support the inferences made by the trial court and we must defer to its factual findings. In light of those findings, we agree there was standing to contest the search. *See Matthews v. State,* 165 S.W.3d at 112 (holding there was standing when the trial court found that the defendant was driving his mother's vehicle, they lived at the same address, the car was usually driven by appellant and his wife, and there was no evidence the vehicle was stolen); *State v. Crisp,* 74 S.W.3d 474, 481 (Tex. App.–Waco 2002, no pet.) (finding standing when there was testimony that the defendant had to get her mother's car so she and her husband could take a friend to pick up a bed, and nothing in the record suggested she stole the car).

4

Finally, the State argues that appellee lacked standing because he had no expectation of privacy once the vehicle was in the custody of police after his arrest. It relies upon *Oles v. State,* 993 S.W.2d 103 (Tex. Crim. App. 1999). That case is inapposite for several reasons. First, it dealt with the defendant's clothing taken from him once he was arrested. We are dealing with a car. Next, and unlike the situation in *Oles*, no one contended here that the marijuana was found during an inventory search of the vehicle as part of an impoundment policy or that the evidence was in plain view after its impoundment.

More importantly, if we were to accept the State's contention that impounding a vehicle alone vitiates standing to complain of any ensuing search, then we would effectively be nullifying all that authority regulating the manner in which the police may conduct inventory searches. It would not matter whether there existed departmental policies as required by *South Dakota v. Opperman,* 428 U.S. 364, 372, 96 S.Ct. 3092, 3098-99, 49 L.Ed.2d 1000 (1976). Nor would it matter whether the items found were even catalogued. *See Richards v. State,* 150 S.W.3d 762, 731 (Tex. App.–Houston [14th Dist.] 2004, pet. ref'd) (stating that the routine regulating inventory searches must be designed to produce an inventory). This is so because no one would have standing to complain. But, because law enforcement officials must comply with certain rules when performing such searches and evidence obtained in violation of those rules can be suppressed, *see Stauder v. State,* 264 S.W.3d 360, 364 (Tex. App.–Eastland 2008, pet. ref'd), impoundment does not put an end to all expectations of privacy.

5

*Probable Cause*

Next, we address the contention that the trial court erred in concluding that the law enforcement officers lacked probable cause to search the impounded vehicle. We overrule the issue.

Probable cause involves a fair probability that contraband or evidence will be found, *Baldwin v. State,* 278 S.W.3d 367, 371 (Tex. Crim. App. 2009), and depends on the content of the information obtained and its degree of reliability. *Hall v. State,* 297 S.W.3d 294, 298 (Tex. Crim. App. 2009). Additionally, such cause determinations are made under the same standard as searches involving warrants. *Wiede v. State,* 157 S.W.3d 87, 95 (Tex. App.–Austin 2005, pet. ref'd).

As already stated, the police were told by an identified, yet previously unknown, citizen that she believed there were drugs in the vehicle in a hidden compartment on the driver's side and that drugs were being sold out of the vehicle. However, the woman did not state that she had ever actually seen any drugs or that she even knew what they looked like. She never indicated what type of drug could be found. She never stated that she had actually seen a drug transaction take place out of the trunk of the vehicle on any specific date. Nor did she describe her experience with drugs, drug transactions, and those involved with them. And, while there was also a vague reference to the woman having overheard a conversation between her daughter and appellee's mother, no details of that conversation were provided. Given this record, we find no fault with the trial court's conclusion that the informant "provided little of substance to support the general suspicion she reported to the officers, and the officers

6

lacked any other source of independent information that would otherwise bolster the information provided by the informant."

Simply put, the data provided the officers arose to no more than an inarticulate hunch or suspicion that the vehicle was involved with criminal activity. Yet, inarticulate hunches or suspicions are not the stuff of probable cause. *Ford v. State,* 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). And, the trial court at bar did not err in sustaining the motion to suppress. *See Torres v. State,* 182 S.W.3d 899, 903 (Tex. Crim. App. 2005) (stating that unexplained opinions that the defendant was intoxicated relayed by sheriff's deputies to a state trooper did not give rise to probable cause for an arrest when they did not articulate supporting facts on which their opinions were based); *Cardona v. State,* 134 S.W.3d 854, 857-58 (Tex. App.–Amarillo 2004, pet. ref'd) (noting that the confidential informant who made a statement that appellant was going to "cook" that day failed to reveal how he came to have the knowledge, the extent of his knowledge, and his prior interactions with the drugs or its manufacture).

Accordingly, the order is affirmed.

Per Curiam

Do not publish.