NO. 07-11-0054-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



AUGUST
16, 2011

 



 

THE STATE OF TEXAS,  

 

                                                                                         Appellant

v.

 

ARTRAILE LEVILLE HILL,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 47TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 60,475-A; HONORABLE DAN L. SCHAAP,
PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., CAMPBELL, J. and BOYD, S.J.[1]

            The State
appeals from the trial court’s order granting the motion to suppress of
Artraile Leville Hill, who was charged with possession of marijuana in an amount
of five pounds or less but more than four ounces.  The State contends that appellee lacked
standing to challenge the seized evidence and that there was probable cause to
search appellee’s vehicle.  We affirm the
order. 

            On March 24,
2010, police effected a traffic stop of appellee, and he was arrested and taken
to jail.  The vehicle he was driving was
impounded.  The next day, a woman named
Janet or Jeanette Blair called police and gave information that her daughter
dated appellee and that she believed appellee was selling drugs and that there
were drugs in the vehicle in which he had been arrested.  She also stated the vehicle had a hidden
compartment behind the driver’s side.  A
search was conducted of the vehicle that same day but no drugs were found.  Another officer then called the telephone
number left by Blair, and Blair described seeing appellee going to the trunk of
his car on the driver’s side on a number of occasions when Blair went to pick
up her daughter from appellee’s house.   She also relayed a conversation she overheard
her daughter have with appellee’s mother. 
In a second search, officers found marijuana in a void behind the carpet
in the vehicle’s trunk.  Appellee’s Texas
Offender Card was also found with the drugs. 
The vehicle was not actually registered to appellee but was registered
to Katrina Hardy. 

            Standing

            Initially,
the State argues that appellee did not have standing to contest the search
because he did not own the car.  We
disagree and overrule the issue.

            The defendant
has the burden to establish that he has standing once the State challenges it.  State
v. Klima, 934 S.W.2d 109, 110 (Tex. Crim. App. 1996); State v. Allen, 53 S.W.3d 731, 732 (Tex. App.–Houston [1st
Dist.] 2001, no pet.).  Moreover, although
we defer to the trial court’s factual findings, we review the issue of standing
de novo because it is a question of
law.  Kothe
v. State, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004).  

            Next, a
person has standing to challenge a search only when he has a legally protected
right to the expectation of privacy.  Parker v. State, 182 S.W.3d 923, 925
(Tex. Crim. App. 2006).  With respect to
a vehicle that a person does not own, he has standing if he has gained
possession of the car from the owner with the owner’s consent or from someone
authorized to give permission to drive it.  Matthews
v. State, 165 S.W.3d 104, 112 (Tex. App.–Fort Worth 2005, no pet.); Reyes v. State, 910 S.W.2d 585, 589
(Tex. App.–Amarillo 1995, pet. ref’d) (finding the defendant had standing when
his former girlfriend testified that the car was hers even though her mother
bought it and paid the insurance and that it was not unusual for the defendant
to use the vehicle without express permission). 

 
Appellee did not present any evidence at the suppression hearing.  The only evidence was presented by the State[2]
and showed that appellee had been seen by the mother of appellee’s girlfriend
on numerous occasions in possession of the vehicle, he went to the trunk of his
vehicle to conduct some sort of transaction there on multiple occasions, and
his Texas Offender Card was hidden in it.   Furthermore, both appellee and the informant
relied upon by the police said the vehicle was appellee’s, despite it being
registered to a third party.  According
to one officer, appellee said that he alone utilized the vehicle.  Moreover, personal items belonging to
appellee were found in the trunk.  So too
did a police officer testify that appellee apparently believed in the safety
and security of the hidden compartment.  Furthermore,
there was no evidence in the record that the vehicle had been stolen.  The trial court also found that the evidence indicates
appellee was “the sole occupant and driver of the vehicle in question, [and]
was in peaceable possession of that vehicle at that time.”  This finding, incidentally, was supported by
the record.

The State relies upon Flores v. State, 871 S.W.2d 714 (Tex. Crim. App. 1993) and Green v. State, 682 S.W.2d 271 (Tex.
Crim. App. 1984) in support of its position that there is no standing.  In the first case, the car was registered in
the name of the defendant’s mother. 
There was no other evidence of any kind showing an expectation of
privacy.  Flores v. State, 871 S.W.2d at 719-20.  In the second case, the court found there was
no standing to contest the search of a vehicle owned by defendant’s brother
when there was once again no evidence of any expectation of privacy.  Green
v. State, 682 S.W.2d at 293-94. 

 
While the evidence on standing here is somewhat sparse, there is some
evidence to support the inferences made by the trial court and we must defer to
its factual findings.  In light of those
findings, we agree there was standing to contest the search.  See
Matthews v. State, 165 S.W.3d at 112 (holding there was standing when the
trial court found that the defendant was driving his mother’s vehicle, they
lived at the same address, the car was usually driven by appellant and his
wife, and there was no evidence the vehicle was stolen); State v. Crisp, 74 S.W.3d 474, 481 (Tex. App.–Waco 2002, no pet.)
(finding standing when there was testimony that the defendant had to get her
mother’s car so she and her husband could take a friend to pick up a bed, and
nothing in the record suggested she stole the car).  

 Finally,
the State argues that appellee lacked standing because he had no expectation of
privacy once the vehicle was in the custody of police after his arrest.  It relies upon Oles v. State, 993 S.W.2d 103 (Tex. Crim. App. 1999).  That case is inapposite for several
reasons.  First, it dealt with the
defendant’s clothing taken from him once he was arrested.  We are dealing with a car.  Next, and unlike the situation in Oles, no one contended here that the
marijuana was found during an inventory search of the vehicle as part of an
impoundment policy or that the evidence was in plain view after its
impoundment.    

More importantly, if we were to accept the
State’s contention that impounding a vehicle alone vitiates standing to complain
of any ensuing search, then we would effectively be nullifying all that
authority regulating the manner in which the police may conduct inventory
searches.  It would not matter whether
there existed departmental policies as required by South Dakota v. Opperman, 428 U.S. 364, 372, 96 S.Ct. 3092,
3098-99, 49 L.Ed.2d 1000 (1976).  Nor
would it matter whether the items found were even catalogued.  See
Richards v. State, 150 S.W.3d 762, 731 (Tex. App.–Houston [14th
Dist.] 2004, pet. ref’d) (stating that the routine regulating inventory
searches must be designed to produce an inventory).  This is so because no one would have standing
to complain.  But, because law
enforcement officials must comply with certain rules when performing such
searches and evidence obtained in violation of those rules can be suppressed, see Stauder v. State, 264 S.W.3d 360,
364 (Tex. App.–Eastland 2008, pet. ref’d), impoundment does not put an end to
all expectations of privacy.  

 

 

Probable Cause

Next, we address the contention that the
trial court erred in concluding that the law enforcement officers lacked
probable cause to search the impounded vehicle. 
We overrule the issue.

Probable cause involves a fair probability
that contraband or evidence will be found, Baldwin
v. State, 278 S.W.3d 367, 371 (Tex. Crim. App. 2009), and depends on the
content of the information obtained and its degree of reliability.  Hall v.
State, 297 S.W.3d 294, 298 (Tex. Crim. App. 2009). Additionally, such cause
determinations are made under the same standard as searches involving
warrants.  Wiede v. State, 157 S.W.3d 87, 95 (Tex. App.–Austin 2005, pet.
ref’d). 

As already stated, the police were told by
an identified, yet previously unknown, citizen that she believed there were
drugs in the vehicle in a hidden compartment on the driver’s side and that
drugs were being sold out of the vehicle. 
However, the woman did not state that she had ever actually seen any drugs
or that she even knew what they looked like. 
She never indicated what type of drug could be found.  She never stated that she had actually seen a
drug transaction take place out of the trunk of the vehicle on any specific
date.  Nor did she describe her
experience with drugs, drug transactions, and those involved with them.  And, while there was also a vague reference
to the woman having overheard a conversation between her daughter and appellee’s
mother, no details of that conversation were provided.  Given this record, we find no fault with the trial
court’s conclusion that the informant “provided little of substance to support
the general suspicion she reported to the officers, and the officers lacked any
other source of independent information that would otherwise bolster the
information provided by the informant.”  

Simply put, the data provided the officers
arose to no more than an inarticulate hunch or suspicion that the vehicle was
involved with criminal activity.  Yet,
inarticulate hunches or suspicions are not the stuff of probable cause.  Ford v.
State, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).  And, the trial court at bar did not err in
sustaining the motion to suppress.  See Torres v. State, 182 S.W.3d 899, 903
(Tex. Crim. App. 2005) (stating that unexplained opinions that the defendant
was intoxicated relayed by sheriff’s deputies to a state trooper did not give
rise to probable cause for an arrest when they did not articulate supporting
facts on which their opinions were based); Cardona
v. State, 134 S.W.3d 854, 857-58 (Tex. App.–Amarillo 2004, pet. ref’d)
(noting that the confidential informant who made a statement that appellant was
going to “cook” that day failed to reveal how he came to have the knowledge,
the extent of his knowledge, and his prior interactions with the drugs or its
manufacture).  

Accordingly, the order is affirmed.

 

                                                            Per
Curiam

Do
not publish.

                

              

            








 











[1]John
T. Boyd, Senior Justice, sitting by assignment.





[2]The
State contends that the trial court erroneously put the burden of proof on it
to establish appellee’s standing. 
However, the State agreed on the record that an initial separate hearing
on standing was not necessary and that standing was part of the defendant’s
burden of proof in challenging the search. 
While the burden was still on appellee, the evidence presented by the
State in support of its warrantless search constituted just enough evidence to
show standing.  If it had not, appellee
would have had the burden to supplement the record with additional evidence.