FORREST JOSEPH BEAUGH V. STATE

No. 29,352. December 11, 1957.

*LeRoy McCall*, Hamshire, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is aggravated assault resulting from the operation of a motor vehicle as denounced by Article 1149, V.A.P.C.; the punishment, a fine of $100.00.

The injured party and his wife testified that they were pro-

ceeding in their automobile at 50 miles per hour on Highway 73 and saw a truck approaching said highway on a side road; that the truck did not stop before entering the highway, as they expected it to do, but drove across the highway in front of them; that the injured party attempted to avoid hitting the truck, was unable to do so, and that a collision resulted in which they were both injured, requiring hospitalization for eight days.

Highway Patrolman Manning testified that he investigated the collision shortly after it occurred, that the truck which was driven by the appellant had passed a stop sign at the intersection of the side road and the highway just before the collision occurred; he located the point of impact and testified as to the location of the automobile and truck after they had come to rest and testified that the automobile had left skid marks on the pavement but that the truck had not. He stated further that he tested the brakes on the truck and found that they would not hold.

The appellant, testifying in his own behalf, stated that he brought his truck to a halt at the stop sign, "seen the car coming, but, in my mind, I had plenty of time to make it across the highway, but the car did get me, but he got me on the other side of the highway." He called several witnesses who testified as to his good reputation.

The jury resolved the disputed issue against the appellant, and we find the evidence sufficient to support the verdict.

We shall discuss the several contentions advanced in the appellant's brief.

He first contends that the court erred in sustaining the state's objection to certain questions propounded to the injured party concerning a claim against an insurance company. There are no formal bills of exception, and nowhere in the record do we find what the answer of the witness would have been if permitted to testify. Nothing is therefore presented for review. Brinkley v. State, 161 Texas Cr. Rep. 413, 277 S.W. 2d 704.

He next contends that the court erred in permitting Patrolman Manning to testify to a matter of law. We do not so construe his testimony. Clearly, there was no error in permitting the witness to testify that "the law requires you to stop and only enter the intersection when you can do so safely."

Appellant's last contention is that the trial court erred in not granting him a new trial so that he might call witnesses who would have testified contrary to the testimony of Manning. The appellant testified that he knew the names of such witnesses before the trial but stated that he did not call them as witnesses because he expected Manning to testify differently from what he did. We must hold that the appellant has shown no diligence and has therefore shown no grounds for a new trial. Gephart v. State, 157 Texas Cr. Rep. 414, 249 S.W. 2d 612.

Finding no reversible error, the judgment of the trial court is affirmed.