Darrell Jay WADDY, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–93–00343–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 16, 1994.

Rehearing Denied June 16, 1994.

Discretionary Review Refused
Sept. 21, 1994.

James A. McGuire, Bob Mabry, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## CORRECTED OPINION

ELLIS, Justice.

Appellant, Darrell Jay Waddy, appeals his judgment of conviction for unlawful possession of a firearm by a felon. *See* TEX.PENAL CODE ANN. § 46.05 (Vernon 1989). The jury rejected appellant's plea of not guilty and, after finding the enhancement paragraph of the indictment to be true, assessed punishment at fifteen (15) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

On September 9, 1992, Officer Henry P. Morris of the Houston Police Department was working with the Zero Tolerance Unit. At approximately 4:30 p.m., Morris saw appellant running through an apartment complex parking lot. Appellant was running in the direction of Morris, and Morris saw that appellant held a gun in his hand and was in the process of placing it in the waistband of his pants. Officer Morris described appellant's clothing to the other officers over his hand-held radio. When appellant was approximately four feet from Morris, he turned left and went through a breezeway in the complex. Morris began chasing appellant and radioed to the other officers that he was doing so.

Appellant ran past a number of apartment buildings and finally entered an apartment. Some people standing in front of the apart-

ment pointed out to Morris which apartment appellant had run into. Morris radioed to the other units the number of the apartment appellant had entered and stayed outside for about five to ten minutes, until the rest of the units arrived. The officers covered both the front and rear entrances of the apartment before they knocked on the door.

When the officers knocked on the door of the apartment, a female opened it. Appellant immediately walked toward Morris, holding his driver's license and stating, "I'm not the one." At that point, Morris had not said anything to appellant. Officer C.R. Reyna walked past appellant in order to secure the apartment for the officers' safety. Morris then arrested appellant for carrying a pistol.

In the living room, Morris saw the shirt appellant had been wearing. The pair of pants appellant had been wearing was in a hallway leading from the living room into a bedroom. The door to the bedroom was open and when Morris picked up the pants, he saw the gun appellant had been carrying lying very near to the pants under the bed. Morris then seized the gun.

Prior to trial, appellant filed a Motion to Suppress Illegal Arrest and Motion to Suppress Evidence. After a hearing, the trial court denied both motions.

Appellant asserts eight points of error. First, the trial court erred in not suppressing the arrest of appellant. Second, the trial court erred in not granting appellant's motion for new trial. Third, fourth, and fifth, the trial court erred in not excluding evidence arising out of appellant's arrest, pursuant to the Fourth Amendment of the United States Constitution, Art. 1, § 9 of the Texas Constitution, and TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1977). Sixth, seventh, and eighth, the trial court erred in not excluding evidence arising out of the search of appellant's bedroom, pursuant to the Fourth Amendment of the United States Constitution, Art. 1, § 9 of the Texas Constitution, and TEX.CODE CRIM.PROC.ANN. art. 38.23(a) (Vernon 1977).

Appellant alleges in his first and third through fifth points of error that the trial court erred in not suppressing appellant's arrest and evidence thereof because the arrest was illegal. However, TEX.CODE CRIM. PROC.ANN. art. 14.01(b) (Vernon 1977) states:

(b) A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.

Appellant was concededly committing an offense within the view of Officer Morris: the misdemeanor offense of possession of a handgun. But because the arrest took place inside the residence of appellant, TEX.CODE CRIM.PROC.ANN.art. 14.05 (Vernon 1994) applies. Art. 14.05 states:

In each case enumerated where arrests may be lawfully made without a warrant, the officer or person making the arrest is justified in adopting all the measures which he might adopt in cases of arrest under warrant, except that an officer making an arrest without a warrant may not enter a residence to make the arrest unless:

(1) a person who resides in the residence consents to the entry; or

(2) exigent circumstances require the officer making the arrest enter the residence without the consent of a resident or without a warrant.

The Supreme Court of the United States has held that "hot pursuit" is an exigent circumstance justifying a warrantless arrest inside the home. See Welsh v. Wisconsin, 466 U.S. 740, 752–53, 104 S.Ct. 2091, 2099, 80 L.Ed.2d 732 (1984). In Welsh, the Court found that exigent circumstances did not exist, however, because there was no immediate or continuous pursuit of the defendant from the scene of the crime. Id. In this case, Officer Morris began chasing appellant while he was carrying the weapon and continued to do so until appellant ran into the apartment.

Appellant also argues that the hot pursuit exception does not apply because, at the time Morris was chasing appellant, Morris could only have believed appellant to be committing the misdemeanor offense of possession of a handgun. The Welsh Court explained that an important factor to be considered when determining whether any exigency ex-

ists is the gravity of the underlying offense for which the warrantless arrest is being made. *Id.* Although the Court recognized that "of those courts addressing the issue, most have refused to permit warrantless arrests for nonfelonious crimes," the Court specifically explained that it was not necessarily approving any of those holdings. *Id.* Furthermore, the Court did not specify that the hot pursuit of a misdemeanor offender would not create the required exigency, but did note that the exception should not apply to "minor offenses," such as the one committed in that case. *Id.* If the Court had intended to include all misdemeanors, regardless of the danger involved, within the term "minor offenses," it would simply have used the term "misdemeanor."

In *Welsh,* a witness observed a car being driven erratically that eventually swerved off the road, stopping in a field without damaging any person or property. The driver walked away from the scene and when the police arrived, the witness told them that the driver was either very sick or intoxicated. After checking on the car's registration, the police went to Welsh's nearby home, where they made a warrantless arrest of Welsh in his bedroom for a first-time violation of driving while under the influence. At that time, the offense was civil and non-jailable under Wisconsin law. *Id.* at 740–44, 104 S.Ct. at 2093–94. The Court explained that because Welsh had already arrived home and had abandoned his car at the scene of the accident, there was little remaining threat to the public safety. *Id.* at 752–53, 104 S.Ct. at 2099.

The opposite is true in this case. Possession of a handgun is not the type of "minor offense" contemplated by the Court in *Welsh.* Anytime a person has possession of a firearm, the threat to the public safety remains, regardless of whether the possessor has sought shelter or, in other words, won the footrace to the protection of a building. Furthermore, since appellant was running with the gun in his hand before placing it in his waistband, the officer could not have known at the time of the chase whether appellant had committed a felony with the gun and was running from the scene. In addition, the

officer could not have known that the apartment appellant ran into was his residence. Instead, appellant could have merely sought cover in another's apartment with the intent of causing more harm. The officer was justified in making the warrantless arrest of appellant inside his home because the officer was in hot pursuit of a person with a deadly weapon. Appellant's first and third through fifth points of error are overruled.

In his second point of error, appellant contends that the trial court erred in denying his motion for new trial based on newly discovered evidence. The newly discovered evidence alleged by appellant is two witnesses. The first is Sean Woodard who signed an affidavit stating that he was visiting appellant and present in the apartment at the time of appellant's arrest. He swore he had knowledge of who entered the apartment at the time of the offense. Woodard also swore that the clothes retrieved by the officers at the apartment belonged to him and were never worn by appellant. The second witness is Kendrick Dudley who signed an affidavit stating that he was in the parking lot on September 9, 1992 when he saw a police car drive up. He swore that at that time, another person standing in the parking lot began to run through the complex and that person was not appellant. Dudley stated that he had been in contact with appellant's attorney prior to appellant's trial but refused to cooperate because he was in hiding due to recent threats on his life.

The requirements for obtaining a new trial upon newly discovered evidence are:

1. the newly discovered evidence was unknown to appellant at the time of his trial;

2. appellant's failure to discover the evidence was not due to his want of diligence;

3. the materiality of the evidence is such as would probably bring about a different result in another trial; and

4. the evidence is admissible and not merely cumulative, corroborative, collateral or impeaching.

*Keller v. State,* 854 S.W.2d 224, 227 (Tex. App.—Beaumont 1993, pet. ref'd) (citing

*Drew v. State,* 743 S.W.2d 207, 226 (Tex. Crim.App.1987), *cert. denied,* — U.S. —, 113 S.Ct. 3044, 125 L.Ed.2d 730 (1993)); *Tate v. State,* 834 S.W.2d 566, 570 (Tex.App.— Houston [1st Dist.] 1992, pet. ref'd). A motion for new trial based on newly discovered evidence is addressed to the sound discretion of the trial court and the court's decision should not be disturbed on appeal absent a clear abuse of discretion. *Jones v. State,* 711 S.W.2d 35, 36 (Tex.Crim.App.1986).

In this case, appellant knew of both witnesses prior to his trial. Dudley swore in his affidavit that he had been in contact with appellant's attorney before appellant's trial. Woodard was with appellant when appellant was arrested, thus appellant had to have known of his presence and potential contribution to his defense. Because appellant failed to meet the first requirement of the test for a new trial based on newly discovered evidence, we hold that the trial court did not err in denying the motion. Appellant's second point of error is overruled.

Appellant alleges in his sixth through eighth points of error that the trial court erred in not suppressing evidence seized as a result of the illegal search of appellant. Because we held that appellant's arrest was legal, the search incident to that arrest was also legal. Furthermore, the evidence was in the officer's plain view. Thus, the trial court did not err in denying appellant's motion to suppress evidence and appellant's sixth through eighth points of error are overruled.

Accordingly, the judgment of the trial court is affirmed.