Affirmed and Opinion filed May 23, 2002









Affirmed
and Opinion filed May 23, 2002.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00484-CR

____________

 

WILLIAM DAVID LANGLEY, JR.,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 339th District Court

Harris County, Texas

Trial
Court Cause No. 838,907

 



 

O
P I N I O N

Following
a bench trial, the trial court found appellant William David Langley, Jr.
guilty of possessing greater than four grams and less than 200 grams of
cocaine.  Appellant pleaded true to two
enhancements, and the trial court sentenced appellant to twenty-five years=
confinement.  On appeal, appellant argues
the trial court erred in denying his motion for new trial on the basis of newly
discovered evidence and that the evidence is legally and factually insufficient
to support his conviction.  We affirm.








In
the late afternoon or evening of March 12, 2000, appellant borrowed a small,
two-door Mercedes to run an errand with his friend, Steven Duncan.  Around 10:15 p.m., Harris County Sheriff=s
Deputy Dansby noticed one of the headlights was out
on the Mercedes and pulled the car over. 
The officer observed the passenger=s left shoulder slump toward the middle of the car as if hiding
something.  Appellant, who was driving,
and his passenger (Duncan) seemed to be talking, and both were looking down
toward the center of the car.  The
officer approached and asked for identification.  Appellant=s forehead was wet with sweat. 
About two weeks earlier, the same officer had pulled appellant over in
the Mercedes for speeding, but this time appellant appeared much more nervous.

            On
his first glance inside the car, Deputy Dansby did
not see anything, but after asking appellant and Duncan to get out of the car,
he noticed a clear plastic bag containing white powder between the driver=s
seat and the center console.  Underneath
the clear bag was a five-inch-long glass tube containing crack cocaine.  When the officer asked who the bag and tube
belonged to, neither appellant nor Duncan responded.  The officers also found a plastic container
with marijuana, a pipe, and cigarette paper in the glovebox.  

The
owner of the Mercedes, Michael Mobbs, testified he
knew appellant through appellant=s housemate, Doris Pickering. 
He lent appellant his car on March 12, as he had done frequently, and
testified no narcotics were in the car when it was in his possession.  He stated that if there had been a bag
between the seat and the console, he would have seen it.

Appellant,
who had multiple felony convictions, testified that the cocaine the deputy
found in the Mercedes was never in his possession.  He alleged he saw the cocaine for the first
time when the officer showed him the bag, and that authority figures made him
nervous.

                                                      Newly
Discovered Evidence








In
his first point of error, appellant argues the trial court abused its
discretion in denying his motion for new trial based on newly discovered
evidence.  He alleged that he discovered
the testimony of Doris Pickering after his trial, and that if she had testified
at trial  her
testimony probably would have brought about a different result.  At the hearing on the motion for new trial,
Doris Pickering testified that Michael Mobbs (the
owner of the Mercedes) used cocaine and marijuana.  She said she found marijuana in the Mercedes
five days after appellant=s arrest for possession, and had seen Mobbs
take narcotics or paraphernalia out of the car on other occasions.  When asked whether Mobbs
habitually left narcotics in his car, she answered, AIt=s
possible.@  Pickering had multiple
felony and misdemeanor convictions for crimes of moral turpitude, including failure
to identify herself and aggravated perjury.  Pickering was incarcerated for parole
violations shortly after appellant=s arrest and was still serving her sentence at the time of
trial.   

To
obtain a new trial, (1) the newly discovered evidence must have been unknown or
unavailable to the movant at the time of his trial;
(2) the movant=s failure to discover or obtain the evidence must not be due to
a lack of diligence; (3) the new evidence must be  admissible and not merely cumulative,
corroborative, collateral, or impeaching; and (4) the new evidence must
probably be true and be likely to bring about a different result on another
trial.  Keeter
v. State, No. 1057-01, 2002 WL 805770, at *4 (Tex. Crim.
App. May 1, 2002) (interpreting Tex. Code Crim. Proc. Ann. art. 40.001
(Vernon Supp. 2002)).  The new
evidence must not be based on a witness whose identity and knowledge of the
case was known or by the exercise of reasonable diligence might have been known
before trial.  Williams v. State,
549 S.W.2d 734, 736 (Tex. Crim. App. 1977); Zamora
v. State, 647 S.W.2d 90, 95 (Tex. App.CSan Antonio 1983, no pet.).  








Here,
appellant admitted that he Ahad beliefs@ that Pickering would testify on his behalf, but did not ask
his trial attorney to talk to her because appellant Adidn=t feel it was relevant at the time.@  Appellant alleged that at the time of trial
he did not know that Mobbs was going to testify, and
did not know what particular evidence Pickering could add.  But given appellant=s
belief that Pickering would testify for 
him and his awareness of her connection with Mobbs,
appellant has failed to explain why he did not exercise reasonable diligence in
discovering before trial what testimony she could offer.  Consequently, the trial court did not abuse
its discretion in denying the motion for new trial.  See Waddy v.
State, 880 S.W.2d 458, 461 (Tex. App.CHouston [14th Dist.] 1994, pet. ref=d); Beaugh v. State, 165 Tex. Crim. 369, 371, 307 S.W.2d 807, 808 (1957) (finding no
diligence when defendant knew the names of witnesses before trial but did not
call them because he expected State=s witness to testify differently). 

Additionally,
on this record, the trial court would have been within its discretion in
denying the motion for failing to show that the new evidence was probably true
and would likely bring about a different result.  We overrule the first issue.

                             Factual
and Legal Sufficiency 

In
his second and third points of error, appellant argues the evidence is legally
and factually insufficient.   To support
a conviction for possession of cocaine, the State must prove appellant
exercised care, control, and management over the cocaine and knew it was
contraband. See Joseph v. State, 897 S.W.2d 374, 376
(Tex. Crim. App. 1995). Evidence that  affirmatively links the appellant to
the cocaine suffices for proof that he possessed it knowingly.  Brown v. State, 911
S.W.2d 744, 747 (Tex. Crim. App. 1995).  The connection between the accused and the
contraband must be more than merely fortuitous, but the evidence need not
exclude every other reasonable explanation except his guilt.  Id. 
Because affirmative facts linking an accused to contraband have been
identified in numerous opinions, we do not list them again here.  See, e.g., Hyett v.
State, 58 S.W.3d 826, 830 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).   








Appellant
argues the evidence is insufficient to associate him with the powder or crack
cocaine because the car was borrowed and he made no furtive movements
indicating knowing possession.  But the
cocaine was in plain view, was found tucked between appellant=s
seat and the center console, in the area where appellant=s
attention was directed before the search, and in the car appellant was driving
and that he frequently borrowed.  Additionally,
appellant was sweating and much more nervous than he had been during a traffic
stop conducted two weeks earlier by the same officer, indicating consciousness
of guilt.  We conclude the evidence is
legally sufficient to support appellant=s conviction. 

Although
the police officer=s offense report made no mention that the cocaine was found
closer to the appellant=s seat, and appellant alleged he had never seen the cocaine, we
may not substantially intrude on the role of the fact finder when the issues
turn on  credibility
determinations.  See Vasquez v. State,
67 S.W.3d 229, 236 (Tex. Crim.
App. 2002).  After reviewing all of the
evidence, we conclude that the record does not show that the proof of guilt is
so obviously weak as to undermine confidence in the fact finder=s
determination, or that it is greatly outweighed by contrary proof.  See id.  We overrule appellant=s
second and third points of error and affirm the judgment.

 

 

 

 

/s/        Scott
Brister

Chief Justice

 

 

Judgment rendered and Opinion filed May
23, 2002.

Panel consists of Chief Justice Brister and Justices Anderson and Frost.

Do Not Publish C
Tex. R. App. P. 47.3(b).