

**NUMBER 13-09-178-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **JOEY GARZA, JR. AKA JOEY A. GARZA** **AKA JOEY GARCIA GARZA, JR.** **AKA AMOUSE REYNA,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

**On appeal from the 156th District Court
of Live Oak County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela
Memorandum Opinion by Justice Vela**

A grand jury indicted appellant, Joey Garza, Jr., for the offense of unlawful possession of a firearm by felon, a third-degree felony. *See* TEX. PENAL CODE ANN. §

46.04(a)(1), (e) (Vernon Supp. 2009). Pursuant to a plea agreement,[1] appellant pleaded guilty to the primary offense and "true" to the enhancement allegation. The trial court assessed punishment at eight years' imprisonment, plus a $2,500 fine. Appellant raises four issues for our consideration. We affirm.

### I. MOTION TO SUPPRESS EVIDENCE

In his first issue, appellant contends that the trial court erred in denying his motion to suppress in which he sought to suppress evidence of the firearms, which the police seized from the vehicle he was driving.

### A. Standard of Review

In *St. George v. State*, the court of criminal appeals stated:

> Whether a specific search or seizure was reasonable is a mixed question of law and fact and is conducted de novo. We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. We do not engage in our own factual review; rather, the trial judge is the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony. Trial courts are given almost complete deference in determining historical facts. We review the record to determine whether the trial court's ruling is supported by the record and correct under some theory of law applicable to the case.

237 S.W.3d 720, 725 (Tex. Crim. App. 2007) (citations omitted). When, as in this case, "a trial court makes explicit fact findings, the appellate court determines whether the evidence (viewed in the light most favorable to the trial court's ruling) supports these fact findings." *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We then review "the trial court's legal ruling de novo unless the trial court's supported-by-the-record explicit fact findings are also dispositive of the legal ruling." *Id*.

---

[1]On March 13, 2009, the trial judge signed a document called "TRIAL COURT'S AMENDED CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL" and placed his initials on the line corresponding to the preprinted statement: "Is a plea-bargain case, but matters were raised by written motion filed and ruled on before trail [sic] and not withdrawn or waived, and the defendant has the right of appeal."

## B. The Evidence

On October 4, 2008, George West police officer Jorge Medina stopped appellant for speeding. Appellant could not produce a driver's license or proof of insurance and had no identification. When Officer Medina asked him for his name and birth date, he replied, "Joey Garcia 02-16-1981" Officer Jason Lee, who had arrived at the scene, asked appellant's two passengers for appellant's name, and they said it was Joey Garza. Hearing this, Officer Medina again asked appellant for his name, and he said it was "Joey Garza, Jr." At that point, Officer Medina arrested him for failure to identify. While Officer Lee took appellant to the county jail, Officer Medina searched the vehicle and seized a sawed-off shotgun, a revolver, and an AK-47 from the trunk.

## C. Applicable Law and Analysis

Appellant contends (1) "he was illegally detained because the officer went beyond detention to affect a bogus arrest," and (2) "he was arrested for failing to properly identify himself after extensive questioning, which exceeded the scope of the traffic stop." A person commits the offense of failure to identify "if he intentionally gives a false or fictitious name, . . . to a peace officer who has . . . (2) lawfully detained the person . . . ." TEX. PENAL CODE ANN. § 38.02(b), (2) (Vernon Supp. 2009). Thus, if appellant gave Officer Medina a false or fictitious name while lawfully detained, then his arrest for failure to identify was lawful and not "bogus." *See id.*

"Appellate courts review the legal determination of detention, reasonable suspicion, and probable cause under the Fourth Amendment de novo while granting great deference to a trial court's factual findings." *State v. Sheppard*, 271 S.W.3d 281, 286-87 (Tex. Crim. App. 2008). Routine traffic stops are analogous to investigative detentions and are governed by *Terry v. Ohio,* 392 U.S. 1 (1968). *Bracken v. State*, 282 S.W.3d 94, 97 n.2

3

(Tex. App.–Fort Worth 2009, pet. ref'd) (citing *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984)). A *Terry* analysis has two inquiries: "(1) whether the officer's action was justified at its inception; and (2) whether it was reasonably related in scope to the circumstances that justified the initial interference." *Perales v. State*, 117 S.W.3d 434, 438 (Tex. App.–Corpus Christi 2003, pet. ref'd) (citing *Terry*, 392 U.S. at 19-20).

**1. Whether Officer Medina's Action was Justified at its Inception**

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996); *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000). In this case, Officer Medina stopped appellant for speeding, a traffic violation that occurred in his presence. Thus, the trial court could have reasonably found that Officer Medina had probable cause for the traffic stop. *See Perales*, 117 S.W.3d at 439.

**2. Whether Officer Medina's Action was Reasonably Related in Scope to the Circumstances Justifying the Interference in the First Place**

Under the second *Terry* inquiry, "an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop." *Florida v. Royer,* 460 U.S. 491, 500 (1983); *Kothe v. State,* 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). "Once an officer concludes the investigation of the conduct that initiated the stop, a continued *detention* is permitted only if there is reasonable suspicion to believe another offense has been or is being committed." *Saldivar v. State*, 209 S.W.3d 275, 282 (Tex. App.–Fort Worth 2006, no pet.) (emphasis in original). We have stated that, "[a]fter a bona fide [stop] for speeding, an officer may then make an arrest if another offense is discovered during the investigation." *Perales*, 117 S.W.3d at 439. The United States Supreme Court has refused to place any rigid time limits on *Terry* stops; "instead, the issue is 'whether the

4

police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant.'" *Kothe*, 152 S.W.3d at 64-65 (quoting *United States v. Sharpe*, 470 U.S. 675, 685-86 (1985)).

Here, Officer Medina requested appellant's driver's license and proof of insurance. In a traffic stop situation, an officer may demand this information. *Davis v. State*, 947 S.W.2d 240, 245 n.6 (Tex. Crim. App. 1997). Appellant's response to Officer Medina that he did not have any identification gave Officer Medina reasonable suspicion to believe he had committed another offense; i.e., failure to produce a driver's license. *See* TEX. TRANSP. CODE ANN. § 521.025 (Vernon 1999).[2] When "an officer conducts a valid detention for investigation and then develops a reasonable suspicion that the detainee is engaged in criminal activity, continued detention is justified." *Perales*, 117 S.W.3d at 439. During the continued detention, Officer Medina asked appellant for: identification; ownership of the vehicle; his destination; and the identity of the front-seat passenger. During a stop for a traffic violation by the driver, officers may question the driver, request information on the vehicle's ownership, and ask about the driver's destination and the trip's purpose. *Kothe*, 152 S.W.3d at 63. The detaining officer may also ask the vehicle's occupants their identities and travel plans. *Id*. at 64 n.36. Officer Medina arrested appellant upon determining that he had given a false name. Thus, the evidence does not show that the detention lasted longer than was necessary to effect the purpose of the stop and to determine appellant's true identity. *See Royer,* 460 U.S. at 500; *Kothe*, 152 S.W.3d at 63; *see Sharpe,* 470 U.S. at 685-86 (declining to "establish a *per se* rule that a 20-minute

---

[2]Section 521.025 of the transportation code provides for a driver's license to be carried by the driver while operating a motor vehicle and exhibited upon demand by a peace officer. *See* TEX. TRANSP. CODE ANN. § 521.025(a) (Vernon 1999). On the facts of this case, Officer Medina had authority to request a driver's license. *See Meeks v. State*, 692 S.W.2d 504, 508 (Tex. Crim. App. 1985).

detention is too long" under *Terry* ).

We conclude that Officer Medina diligently pursued a means of investigation that was likely to either confirm or dispel his suspicions quickly, during which time it was necessary to detain appellant. *See Kothe*, 152 S.W.3d at 64-65. The evidence does not show Officer Medina was purposefully prolonging the detention or that the stop lasted longer than necessary to effect the purpose of his investigation. Therefore, the investigative detention was reasonably related in scope to the circumstances that justified the stop and detention in the first place. *See Terry*, 392 U.S. at 29; *St. George*, 237 S.W.3d at 726; *Kothe*, 152 S.W.3d at 63. Viewing the totality of the circumstances in the light most favorable to the trial court's ruling, we conclude that Officer Medina's actions were reasonable under the circumstances, and that the detention as a whole was reasonable.

By this same issue, appellant contends that he was illegally searched because no probable cause existed. "A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." TEX. CODE. CRIM. PROC. ANN. art. 14.01(b) (Vernon 2005). When a peace officer makes a lawful arrest, he may search, as incident to that arrest, the person arrested. *Chimel v. California*, 395 U.S. 752, 763 (1969); *State v. Stauder*, 264 S.W.3d 360, 364 (Tex. App.–Eastland 2008, pet. ref'd). Officer Medina arrested appellant for failure to identify. Because appellant committed the offense in Officer Medina's presence, he could lawfully arrest him and search him incident to the arrest.

Appellant also argues "there was no consent given to search the vehicle." A defendant may have standing to challenge the determinative reasonableness of the seizure involved in his own detention and yet lack standing to challenge a search of the vehicle he was driving. *Maysonet v. State*, 91 S.W.3d 365, 374 (Tex. App.–Texarkana 2002, pet.

ref'd). The court of criminal appeals has stated that "[o]nly after a defendant has established his standing to complain may a court consider whether he has suffered a substantive Fourth Amendment violation." *Kothe*, 152 S.W.3d at 59.[3] "To challenge a search, the defendant must have a legally protected right to the expectation of privacy." *Parker v. State*, 182 S.W.3d 923, 925 (Tex. Crim. App. 2006). In determining whether a defendant has a reasonable expectation of privacy that government action has invaded, "we ask whether the defendant had a subjective expectation of privacy in the place searched. If the answer is yes, then we ask whether the defendant's expectation of privacy is one that society recognizes as reasonable or justifiable under the circumstances." *Id*. at 925-26 (citing *Smith v. Maryland*, 442 U.S. 735, 740 (1979)).

Here, appellant told Officer Medina that the vehicle belonged to his mother. The evidence did not show that appellant borrowed the vehicle from his mother or that he gained possession of it from her with her consent or from someone authorized to give permission to drive it. Appellant's mother was not one of the passengers in the vehicle. We hold, based upon these facts, that appellant did not have a reasonable expectation of privacy in his mother's vehicle and, therefore, lacks standing to challenge its search. *See Matthews v. State*, 165 S.W.3d 104, 112 (Tex. App.–Fort Worth 2005, no pet.) (stating that a defendant "has standing to challenge the search of a car he does not own if he shows that he gained possession of the car from the owner with the owner's consent or from someone authorized to give permission to drive it"), *see also Parker*, 182 S.W.3d at 927 (stating that a person has an "expectation of privacy in a car that he borrowed from his girlfriend").

---

[3]In *Kothe*, the court of criminal appeals stated that an appellate court may raise the issue of standing on its own, and it may analyze that issue as a part of the Fourth Amendment claim presented. *Kothe v. State*, 152 S.W.3d 54, 60 (Tex. Crim. App. 2004).

Therefore the trial court did not err in overruling the motion to suppress. The first issue is overruled.

## II. Sufficiency of the Evidence

In his second issue, appellant challenges the sufficiency of the evidence to support his conviction. "No trial court is authorized to render a conviction in a felony case, consistent with Article 1.15, based upon a plea of guilty 'without sufficient evidence to support the same.'" *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009); *see* TEX. CODE CRIM. PROC. ANN. § 1.15 (Vernon 2005). Evidence offered to support a guilty plea may take many forms. *Menefee*, 287 S.W.3d at 13. The defendant may consent to the proffer of evidence in testimonial or documentary form, or to an oral or written stipulation of what the evidence against him would be, without necessarily admitting to its veracity or accuracy. *Id*. This proffer or stipulation of evidence will suffice to support the guilty plea so long as it embraces every constituent element of the charged offense. *Id*. The defendant may also enter a sworn, written statement, or may testify under oath in open court, specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct. *Id*. So long as the judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea. *Id*.

A person commits the offense of unlawful possession of a firearm by a felon when he possesses a firearm after he has been convicted of a felony and before the fifth anniversary of his release from confinement following conviction or his release from supervision under community supervision, parole, or mandatory supervision, whichever date is later. *See* TEX. PENAL CODE ANN. § 46.04(a)(1). Section 12.42(a)(3) of the penal code provides, in relevant part, that "if it is shown on the trial of a . . . third-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished

8

for a second-degree felony." *Id.* § 12.42(a)(3) (Vernon Supp. 2009).

After the trial court accepted appellant's guilty plea to the primary offense and his plea of "true" to the enhancement allegation, the trial court admitted into evidence the stipulation of evidence, which is signed by appellant and sworn before the clerk of the district court. The stipulation stated, in relevant part, that "I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case[.]" Appellant judicially confessed that on or about October 4, 2008, he "did then and there, having been convicted of the felony offense of Theft, . . . intentionally or knowingly possess[ed] a firearm before the fifth anniversary of [his] release from confinement following conviction of said felony." He also judicially confessed "that, prior to the commission of the aforesaid offense, on the 30th day of July, A.D., 2007, . . . [he] was convicted of the felony offense of Tampering with Government Records Defraud/Harm." The stipulation included Officer Medina's police report, which described the facts surrounding the stop of the vehicle driven by appellant, his arrest, and the discovery of the weapons in the trunk. Because the stipulation of evidence embraced every constituent element of the charged offense and the enhancement, it sufficed to support the guilty plea and the plea of true. *See Menefee*, 287 S.W.3d at 13. Issue two is overruled.

### III. DENIAL OF COMMUNITY SUPERVISION

In his third issue, appellant contends that the trial court abused its discretion when it denied his request for community supervision and imposed an eight-year prison sentence. Article 42.12, section 3(a) of the code of criminal procedure broadly authorizes a trial judge, after a guilty plea, to place an eligible defendant on community supervision whenever he or she deems it "in the best interest of justice, the public, and the defendant" to do so. *Ivey v. State*, 277 S.W.3d 43, 45 (Tex. Crim. App. 2009); *see* TEX. CODE CRIM. PROC. ANN. art.

9

42.12, § 3(a) (Vernon Supp. 2009). The granting of community supervision is a privilege, not a right, and the decision to grant community supervision is wholly discretionary. *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). In reviewing a trial court's determination of the appropriate punishment in any given case, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). It is "the general rule that as long as a sentence is within the proper range of punishment it will not be disturbed on appeal." *Id*. A trial court abuses its discretion only if there is no evidence or factual basis for the punishment imposed. *Id*.

Appellant pleaded guilty to unlawful possession of a firearm by a felon, which was enhanced to a second-degree felony. The punishment range for a second-degree felony is imprisonment for a term of not more than twenty years or less than two years, and a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.33(a), (b) (Vernon 2003). The punishment assessed by the court—confinement for eight years—is within the punishment range established by the legislature for a person convicted of a second-degree felony. *See id*. The stipulation of evidence included appellant's judicial confession to the primary offense and the enhancement allegation. Because there is a factual basis for the punishment imposed, we hold the trial court did not abuse its discretion by imposing an eight-year prison sentence. *See Jackson*, 680 S.W.2d at 814. Issue three is overruled.

### VI. CRUEL AND UNUSUAL PUNISHMENT

In his fourth issue, appellant contends that the eight-year sentence violated the Eighth Amendment prohibition against cruel and unusual punishment. *See* U.S. CONST. amend. VIII. The Eighth Amendment does not require strict proportionality between the crime and the sentence; rather, it forbids extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 23 (2003). The precise

contours of the "grossly disproportionate" standard are unclear, but it applies only in "exceedingly rare" and "extreme" cases. *See Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). Texas courts have traditionally held that, as long as the punishment assessed falls within the punishment range prescribed by the legislature in a valid statute, the punishment is not excessive. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.–Corpus Christi 2005, pet. ref'd); *see also Escochea v. State*, 139 S.W.3d 67, 80 (Tex. App.–Corpus Christi 2004, no pet.).[4]

Appellant's sentence fell within the punishment range for a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.33(a). However, that does not end the inquiry. Texas courts recognize that a prohibition against a grossly disproportionate sentence survives under the federal constitution apart from any consideration whether the punishment assessed is within the statute's punishment range. *Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.–Amarillo 2008, pet. ref'd); *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.–Texarkana 2006, no pet.).

This Court has recognized that "the viability and mode of application of proportionate analysis . . . has been questioned since the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957 (1991)." *Trevino*, 174 S.W.3d at 928 (citing *McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir. 1992) (discussing the various opinions issued in *Harmelin* and their impact on the *Solem* decision[5])); *see Sullivan v. State*, 975 S.W.2d 755, 757-58 (Tex. App.–Corpus Christi 1998, no pet.) (discussing the implications of the *Harmelin* opinion and reviewing the proportionality of defendant's sentence under the *Solem* and

---

[4]*Vera v. State*, Nos. 13-05-169, 170-CR, 2006 WL 5181930, at *3 (Tex. App.–Corpus Christi Aug. 29, 2008, pet. ref'd) (mem. op., not designated for publication).

[5]*See Solem v. Helm*, 463 U.S. 272 (1983).

11

*McGruder* tests). Assuming, *arguendo*, the viability of a proportionality review, as we did in *Sullivan,* we will apply both the *Solem* and *McGruder* tests to the facts of this case. *See Sullivan*, 975 S.W.2d at 757-58.[6] In both *Solem* and *McGruder,* we look first at the gravity of the offense and the harshness of the penalty. *Solem v. Helm*, 463 U.S. 272, 290-91 (1983); *McGruder*, 954 F.2d at 316.

## 1. Gravity of the Offense

We judge the gravity of the offense in light of the harm caused or threatened to society and the offender's culpability. *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.–Fort Worth 2001, pet. ref'd) (citing *Solem*, 463 U.S. 291-92). With respect to appellant's culpability, the stipulation of evidence showed that Officer Medina found three firearms in the trunk of the car that appellant was driving. Further, appellant judicially confessed to the offense.

With respect to the harm caused or threatened to society, the purpose of the offense of unlawful possession of firearm by felon is to "prohibit all felons from possessing weapons at any time at all places away from their residence." *State v. Mason*, 980 S.W.2d 635, 638-39 (Tex. Crim. App. 1998). We conclude that the gravity of the offense weighs in favor of a finding that the punishment was not excessive. *See Waddy v. State*, 880 S.W.2d 458, 460 (Tex. App.–Houston [14th Dist.] 1994, pet. ref'd) (stating that "[a]nytime a person has possession of a firearm, the threat to public safety remains . . . .").

## 2. Harshness of the Penalty

When conducting an Eighth Amendment proportionality analysis, we may consider the sentence imposed in light of the accused's prior offenses. *Winchester*, 246 S.W.3d at

[6]*See also McGiffin v. State*, No. 13-05-561-CR, 2006 WL 2294553, at *1 (Tex. App.–Corpus Christi, Aug. 10, 2006, no pet.) (mem. op., not designated for publication).

390; *Culton v. State*, 95 S.W.3d 401, 403 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd). Appellant pleaded guilty to the third-degree felony offense of possession of a firearm by felon. He pleaded "true" to the enhancement allegation, which elevated the punishment range to a second-degree felony. In light of the seriousness of the crime to which appellant pleaded guilty and the fact that he has a criminal history of two other felony convictions, we cannot say his eight-year sentence is disproportionate to the offense. We therefore find that his punishment is not grossly disproportionate to the offenses for which he was convicted. This finding ends our analysis under *McGruder*. *See McGruder*, 954 F.2d at 316; *see also Sullivan*, 975 S.W.2d at 757. Because there is no evidence in the appellate record of the sentences imposed for other similar crimes in Texas or for the same crimes in other jurisdictions, we cannot perform a comparative evaluation using the remaining *Solem* factors. *See Solem*, 463 U.S. at 292; *see also Sullivan*, 975 S.W.2d at 757-58. Therefore, we hold that appellant's punishment is neither grossly disproportionate nor cruel and unusual. We overrule issue four.

## V. CONCLUSION

We affirm the trial court's judgment.


ROSE VELA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed 25th
day of March, 2010.

13